UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR VENT, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0849-X |
| | § | |
| POWERMAX ELECTRIC CO., LTD., GUANGDONG | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff Air Vent, Inc.'s (Air Vent) Motion to Amend Judgment. (Doc. 72). For the reasons explained below, the Court **GRANTS** the Motion and will issue a separate amended final judgment. The Court incorporates by reference the factual and procedural background set forth in its previous Memorandum Opinion and Final Judgment.[1]

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[2] Courts examine four factors in determining whether a party's neglect is excusable: "(I) the danger of prejudice to the nonmovant, (II) the length of the delay and its potential impact on judicial proceedings, (III) the reason for the delay, including whether it was

---

[1] *Air Vent, Inc. v. Powermax*, Case No. 3:25-CV-0849-X, Doc. 29.

[2] FED. R. CIV. P. 60(b)(1).

within the reasonable control of the movant, and (IV) whether the movant acted in good faith."[3]

Air Vent asks the Court to amend the Judgment to include non-taxable litigation expenses recoverable under Chapter 82 of the Texas Civil Practice and Remedies Code.[4] Air Vent acknowledges that it failed to sufficiently substantiate its request for non-taxable expenses in its Motion for Default Judgment, but attributes the omission to inadvertence and excusable neglect.[5] In support of its Motion, Air Vent now provides an itemized accounting of the expenses, a declaration addressing their reasonableness and necessity, and copies of the underlying invoices and other supporting documentation.[6]

After considering the relevant circumstances, the Court finds that Air Vent's failure to submit sufficient evidence of its non-taxable litigation expenses before entry of judgment constitutes excusable neglect under Rule 60(b)(1).[7] Here, the relevant circumstances favor amendment of the Judgment: Powermax will suffer no prejudice because Air Vent is legally entitled to these non-taxable litigation expenses, Air Vent acted promptly in seeking relief less than two weeks after entry of the Judgment, Air Vent has now cured its prior failure to submit sufficient supporting evidence, and the record reflects no indication of bad faith.

---

[3] *Ammons v. Kroger Texas, L.P.*, No. 4:19-CV-866-A, 2020 WL 12990986, at *1 (N.D. Tex. June 16, 2020) (McBryde, J.) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[4] *Air Vent, Inc. v. Powermax*, Case No. 3:23-CV-1476-X, Doc. 72 at 5.

[5] *Id.* at 4–5.

[6] *Id.* at 5–8, Doc. 72-1.

[7] *See Pioneer,* 507 U.S. at 395.

Accordingly, the Court exercises its discretion under Rule 60(b)(1) to relieve Air Vent from the Judgment to the extent necessary to include $8,720.29 in non-taxable litigation expenses incurred in prosecuting this action.

Because the Court concludes that amendment of the judgment is warranted under Rule 60(b)(1), it need not reach Air Vent's other argument under Rule 59(e).

For the foregoing reasons, the Court **GRANTS** Air Vent's Motion. A separate amended final judgment shall issue. All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 3rd day of August 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE